UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

June 20, 2018

## LETTER MEMORANDUM

Re: *Patti v. Peck*
  Civil Action No. 17-0312 (ES) (MAH)

Dear Parties:

On January 17, 2017, *pro se* Plaintiff filed a Complaint against Defendant asserting federal-question jurisdiction pursuant to "Amendment to the U.S. Constitution, Article VII," his "right to a trial by jury," and "rules of common law." (D.E. No. 1 at 2). In his Complaint, Plaintiff appears to accuse Defendant (Plaintiff's former doctor) of medical malpractice. (*See generally id.*). The Complaint further states that both parties are New Jersey residents, the events giving rise to the claims occurred in New Jersey, and Plaintiff seeks relief in the amount of $47,400. (*Id.* at 2, 4).

On October 25, 2017, the Court issued a Letter Order raising the issue of subject-matter jurisdiction *sua sponte*, as it must, and requesting supplemental briefing on whether the Court has subject-matter jurisdiction over Plaintiff's claims. (*See* D.E. No. 15). The parties submitted supplemental briefing in accordance with the Court's instructions. (*See* D.E. Nos. 17 & 18).

For the reasons below, the Court concludes that it will dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

***Legal Standard.*** "The district courts of the United States . . . are 'courts of limited jurisdiction.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Merlino*, 785 F.3d 79, 82 (3d Cir. 2015) (quoting *Kokkonen*, 511 U.S. at 377)). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 12(h)(3).

1

Federal courts have "an independent obligation to satisfy themselves of jurisdiction if it is in doubt," so they may "raise sua sponte subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

A district court has subject-matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332. *See Exxon Mobil Corp.*, 545 U.S. at 592-93; *Cintron v. Prosper, Inc.*, No. 17-11530, 2018 WL 1003267, at *1 (D.N.J. Feb. 20, 2018).

*Analysis.* Here, Plaintiff's Complaint asserts federal-question jurisdiction under 28 U.S.C. § 1331. (*See* D.E. No. 1 at 2). As the basis for federal-question jurisdiction, Plaintiff points to "Amendment to the U.S. Constitution, Article VII," his "right to a trial by jury," and "rules of common law." (*Id.*). Plaintiff's allegations, however, do not raise a federal question. Rather, Plaintiff appears to allege a medical-malpractice claim against his former doctor. (*See generally id.*). And Plaintiff's supplemental submission also fails to provide any basis for federal-question jurisdiction. (*See* D.E. No. 18). At most, Plaintiff's supplemental submission attempts to add an "assault" claim, which again does not raise a federal question. So, the Court finds that Plaintiff has failed to meet his burden of establishing federal-question jurisdiction under § 1331.

Next, the Court turns to whether Plaintiff has established diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which states, in relevant part, that federal district courts have original jurisdiction where the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." Jurisdiction under this statute requires "complete diversity of citizenship," and is not available when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978); *see also Velger v. Carr*, 532 F. App'x 134, 135 (3d Cir. 2013). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citations and internal quotation marks omitted). Courts determine whether complete diversity exists by examining the citizenship of all the parties at the time the complaint was filed. *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

Here, Plaintiff fails to meet his burden of establishing diversity of citizenship. *See Lincoln Benefit Life Co.*, 800 F.3d at 105. In his Complaint, Plaintiff states that both he and Defendant are citizens of New Jersey. (*See* D.E. No. 1 at 1-2). Put differently, both Plaintiff and Defendant are domiciled in New Jersey. (*See id.*); *McCann*, 458 F.3d at 286. Because Plaintiff and Defendant are both citizens of New Jersey, there is no diversity of citizenship and, consequently, no basis for subject-matter jurisdiction. *See Nero v. St. Joseph's Reg'l Med. Hosp.*, No. 15-0120, 2015 WL 5306022, at *2 (D.N.J. Sept. 10, 2015).[1]

---

[1] In light of the Court's disposition, the Court need not address whether Plaintiff's Complaint meets the amount-in-controversy requirement of § 1332(a)(1).

Accordingly, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction without prejudice to Plaintiff's right to proceed in state court. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**